# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| EMMANUEL TERRELL, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 3:93-CR-0014-02-TCB-CCH |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 3:11-CV-161-TCB-CCH |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72 or Criminal Local Rule 58. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 10th day of April, 2012.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| EMMANUEL TERRELL, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 3:93-CR-0014-02-TCB-CCH |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 3:11-CV-161-TCB-CCH |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Emmanuel Terrell has filed the instant "Noticed [sic] of Motion to Set Forth in USC 3582(c) & USC 3553(A)," which the Honorable Timothy C. Batten, Sr. has construed as a motion to vacate his sentence under 28 U.S.C. § 2255. (Docs. 113, 114). Herein, Movant seeks to challenge the constitutionality of his sentences, which were imposed on June 23, 1993, in the Northern District of Georgia.

I.  Procedural History

On March 11, 1993, a grand jury in the Northern District of Georgia returned a two count indictment against Movant, charging him with bank robbery in violation of 18 U.S.C. § 2113, and possession of a firearm during commission

2

of the crime, in violation of 18 U.S.C. § 924(c). (Doc. 1). On June 23, 1993, following a jury trial, Movant was convicted of both counts. (Doc. 50). On December 7, 1993, the Honorable Ernest G. Tidwell sentenced Movant as a career offender to a total of 322 months of imprisonment. (*See* Doc. 110 at 1).

The Eleventh Circuit affirmed Movant's convictions and sentences on May 26, 1995, and the United States Supreme Court denied certiorari on October 17, 1995. (*See* Doc. 100 at 1). On May 7, 2002, Movant filed a motion to reduce his sentence in this Court pursuant to 18 U.S.C. § 3582(c)(2), which was denied on October 11, 2002. (Docs. 82, 87).[1]

On January 18, 2006, Movant brought a motion to vacate his sentence under § 2255 in this Court. (Doc. 90). Therein, Movant argued, *inter alia*, that the career offender enhancement was not submitted to the jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[2] and because he was a juvenile when he was

---

[1] One year later, on May 21, 2003, Movant filed an action pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama, in which he argued that he was actually innocent of the career offender enhancement because both of his previous convictions were related. (Doc. 94, Att. 4, at 5). The Northern District of Alabama dismissed Movant's action on March 19, 2004, as improperly brought under § 2241. (Doc. 94, Att. 5).

[2] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

3

AO 72A
(Rev.8/82)

convicted of his previous offenses. (*Id.* at 4). Judge Tidwell denied the § 2255 motion on October 20, 2008. (Doc. 100). On that same date, Movant filed a "motion for summary judgment" in connection with his § 2255 motion (Doc. 99), which Judge Tidwell denied as moot on January 28, 2009. (Doc. 106).

On July 28, 2010, Movant filed another motion to reduce his sentence in this Court pursuant to 18 U.S.C. § 3582(c), in which he again argued that he was improperly sentenced as a career offender, in that his prior conviction did not constitute a crime of violence. (Doc. 107). On November 8, 2010, Judge Tidwell denied the motion, and Movant's appeal of that denial was dismissed for want of prosecution by the Eleventh Circuit on April 26, 2011. (Docs. 110, 112).

Movant filed this motion on September 20, 2011. (Doc. 113). Once again Movant asserts that he was incorrectly sentenced as a career offender – this time,

---

statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Following *Apprendi*, the Supreme Court in *Blakely*, 542 U.S. 296 (2004), defined "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*" or the maximum a judge may impose without any additional factual findings. *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004) (emphasis in original). In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court found that the mandatory nature of the Sentencing Guidelines were incompatible with the holdings in *Apprendi* and *Blakely*. *Booker*, 543 U.S. at 245.

4

he argues that his state convictions could not properly be used for career offender status purposes. (*Id.*). The instant motion, however, is fatally defective because it constitutes an impermissible successive § 2255 motion.[3]

II. Discussion

The law places limits on second or successive § 2255 motions to vacate. *See* 28 U.S.C. § 2255(h). Specifically, § 2255(h) requires that, before this Court may accept a successive or second § 2255 motion, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.").

Importantly, unless and until Movant receives permission from the Eleventh Circuit to file the instant successive § 2255 motion, this Court does not have jurisdiction to review the merits thereof. *See United States v. Florence*, 411 F. App'x 230, 231 (11th Cir. 2011) ("[W]hen a prisoner has previously filed a 28

---

[3] The instant motion also would appear to be untimely under the one-year limitation period. *See* 28 U.S.C. § 2255.

U.S.C. § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a second or successive § 2255 motion. . . . Absent such authorization, the district court lacks subject-matter jurisdiction to consider any claims in the motion[.] . . ."); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that [the movant] did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) ("[J]urisdiction is always an antecedent question[.]"); *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (holding that a district court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."). The record does not demonstrate that Petitioner has, in fact, sought such authorization.

There is, however, a small subset of claims that are not categorized as "second or successive" – i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition. *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011). While Movant claims to rely upon *Carachuri-Rosendo*

*v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010),[4] that case was decided on June 14, 2010; thus, any claim based thereon was available to Movant before his previous § 2255 motion was denied by this Court on November 8, 2010. In any event, *Carachuri-Rosendo* decided that second or successive simple possession offenses are not considered "aggravated felonies" so as to render an alien removable under the Immigration and Nationality Act, and has no bearing on the question of whether Movant's sentence as a career offender was proper. *Id.* at 2580. Accordingly, Movant's reliance on that case does not save him from seeking authorization from the Eleventh Circuit to file a second or successive motion. Consequently, because he has not sought any such permission, this Court lacks jurisdiction to consider the merits of the instant motion to vacate.

---

[4] Movant also mentions two other cases – *United States v. Pruitt* and *United States v. Simmon* – but, as with *Carachuri-Rosendo*, he does not provide citations for these cases. Unlike *Carachuri-Rosendo*, however, it is not as discernible to what cases he refers.

7

### III. Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Emmanuel Terrell's motion to vacate sentence [Doc. 113] be **DISMISSED** as successive.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional

8

claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that this Court has no jurisdiction to consider the instant successive § 2255 motion until Movant receives authorization from the Eleventh Circuit. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 10th day of April, 2012.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

9